

# The Attorney General of Texas

August 17, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Ruben M. Torres, Chairman
Texas Board of Pardons & Paroles
Stephen F. Austin Building, Room 711
Austin, Texas  78711

Opinion No.  MW-361

Re:  Interpretation of article
42.12, §15(d) Code of Criminal
Procedure

Dear Mr. Torres:

You have requested our opinion regarding the proper construction of section 15(d) of article 42.12, Texas Code of Criminal Procedure. That section provides:

> A prisoner who has not been released to mandatory supervision and has 180 calendar days or less remaining on his sentence may be released by order of the Board to mandatory supervision.

Section 15(c) provides, in pertinent part:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the Board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced. A prisoner released to mandatory supervision shall, upon release, be deemed as if released on parole. (Emphasis added.)

You explain that the Board of Pardons and Paroles has heretofore construed the word "sentence" in section 15(d) to refer to the maximum term to which a prisoner was sentenced by the trial court, without taking into account any good conduct time under section 15(c). You ask whether the Board may interpret the word "sentence" to refer to the release date imposed by section 15(c), i.e., the maximum term less good conduct time.

Crediting good conduct time is not discretionary, but is required by the clear language of section 15(c). Thus, for purposes of determining a prisoner's release date, a "sentence" in section 15(c) seems to refer to the prisoner's maximum term less good conduct time. We believe that the Board's proposed construction is in fact the most

reasonable interpretation of the word "sentence" in section 15(d). The word "sentence" in section 15(d) of article 42.12 should be construed to refer to the release date imposed by section 15(c) thereof, i.e., the maximum term less accrued good conduct time.

## SUMMARY

The Board of Pardons and Paroles should construe the word "sentence" in section 15(d) of article 42.12, Texas Code of Criminal Procedure, to refer to the release date imposed by section 15(c) of that statute, i.e., a prisoner's maximum term less any accrued good conduct time.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger